IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ACCESS NOW, INC. *on behalf of its members;* R. DAVID NEW*; and* LISA FRAZIER, | 17cv0959 LEAD CASE |
| Plaintiff, | |
| v. | |
| ALLEN EDMONDS CORPORATION, | |
| Defendant. | |

| | |
|---|---|
| LISA FRAZIER, | |
| Plaintiff, | 17cv1002 MEMBER CASE |
| v. | |
| VAIL RESORTS, INC., | |
| Defendant. | |

**MEMORANDUM ORDER**

Presently before the Court is Defendant Vail Resorts' Motion for Reassignment. ECF 55. Plaintiff filed a Brief in Opposition (ECF 60) making this issue ripe for disposition.

**I. Background**

Plaintiff is a legally blind person who has to use a "screen reader program" when attempting to obtain information from websites. According to the Complaint, Defendant is a premier mountain resort company and a leader in luxury, destination based travel. Defendant maintains various websites and through these websites, Defendant provides information about its hotels and hotel services as well as discounts, deals, and vacation packages.

The Complaint indicates that the websites are "largely incompatible" with the screen reader programs Plaintiff and other visually impaired individuals use. Because of the incompatibility, Plaintiff claims that Vail Resorts "deprives blind and visually-impaired individuals the benefits of its online goods, content, and services – all benefits it affords nondisabled individuals – thereby increasing the sense of isolation and stigma among these Americans that Title III was meant to redress." [ECF 1](ECF 1).

Defendant's Motion for Reassignment argues that Plaintiff wrongfully designated this specific case as "related to" *Jahoda v. Foot Locker, Inc.*, 15-cv-1000-AJS ("*Foot Locker*"). The Defendant notes that Plaintiffs' counsel has filed over eighty lawsuits in this United States District Court within the past two years on behalf of visually impaired or blind individuals asserting that various defendants have websites which violate Title III of the Americans with Disabilities Act. All of the lawsuits have been designated as related to *Foot Locker* and were, therefore, assigned the undersigned Judge in accordance with LCivR 40E. Defendant challenges the "related" designation which was asserted by Plaintiff on the civil cover sheet when the Complaint in the instant matter was first filed.

**II. Analysis**

Although a plaintiff in a case has the right to designate a case as related to another case by so indicating on the civil cover sheet, this Court has discretion to reject an assignment if the Court determines that a case was not related to a prior filed case, or if the assignment would not "promote the convenience of the parties or witnesses or the just and efficient conduct of the action." LCivR 40 D-E.

The relevant Local Rule of Civil Procedure for the United States District Court for the Western District of Pennsylvania which governs the assignment of newly filed cases reads, in pertinent part, as follows:

> C. Assignment of Civil Actions. Each civil action shall be assigned to a Judge who shall have charge of the case. The assignment shall be made by the Clerk of Court from a non-sequential list of all Judges arranged in each of the various categories. Sequences of Judges' names within each category shall be kept secret and no person shall directly or indirectly ascertain or divulge or attempt to ascertain or divulge the name of the Judge to whom any case may be assigned before the assignment is made by the Clerk of Court.
>
> D. Related Actions. At the time of filing any civil or criminal action or entry of appearance or filing of the pleading or motion of any nature by defense counsel, as the case may be, counsel shall indicate on an appropriate form whether the action is related to any other pending or previously terminated actions in this Court. Relatedness shall be determined as follows:
>
> \*    \*    \*
>
> 2. civil actions are deemed related when an action filed relates to property included in another action, or involves the same issue of fact, or it grows out of the same transaction as another action, or involves the validity or infringement of a patent involved in another action;
>
> \*    \*    \*
>
> E. Assignment of Related Actions.
>
> 1. If the fact of relatedness is indicated on the appropriate form at time of filing, the Clerk of Court shall assign the case to the same Judge to whom the lower numbered related case is assigned who may reject the assignment if the Judge determines that the cases are not related or the assignment does not otherwise promote the convenience of the parties or witnesses or the just and efficient conduct of the action.

LCvR 40.

In applying this Rule and its subparts, District Judge Hornak for the Western District of Pennsylvania in *Cerini v. Warrior Energy,* noted that although cases in the United States District

Court for the Western District of Pennsylvania are randomly assigned, "[o]ur Court, like many others, does make an exception in those cases where good case management takes center stage in a way that would not prejudice the substantial rights of any party. That occurs in the case of 'related' cases." *Cerini,* 2014 WL 7015992, *1 (Dec. 11, 2014), *citing*, *Coulter v. Studeny*, No. 12–0338, 2012 WL 2829948, *2 (W.D.Pa. July 10, 2012). In *Cerini*, Judge Hornak denied a Motion for Reassignment primarily because the case had proceeded for five months, and thus, the Court could not grant Defendant's Motion for Reassignment because to do so would create the "impermissible appearance of authorizing 'Judge shopping[,]' " no matter what Defendant's actual motivation was for filing its Motion so late. *Id.* at *3.

In the instant matter, Vail Resorts cites and relies upon another decision rendered by Judge Hornak, albeit one in which he found that the cases were unrelated, and thus, he exercised his discretion to have the matter returned to the Clerk of Court for random reassignment. *See Badger v. Advance Stores Co., Inc.,* 16-cv-01872-MPK at [ECF 26](). In *Advance Stores*, Judge Hornak was assigned the matter because the plaintiffs' attorneys – who are the same lawyers who represent the Plaintiffs in the instant case – marked the *Advance Stores* case as related to *Heinzl v. Cracker Barrel Old Country Stores, Inc.*, 14 cv-01455-RCM. In both *Advance Stores* and *Cracker Barrel*, the plaintiffs were mobility challenged individuals who relied upon wheelchairs to gain access to various business establishments. In both cases, the plaintiffs claimed that barriers in the parking lots of the defendants' businesses prevented them from accessing the businesses. The plaintiffs in both cases also claimed that the defendants' corporate policies and practices allowed these barriers to re-emerge after the barriers were removed.

Judge Hornak, held that *Advance Stores*, "while similar to the *Cracker Barrel* case in terms of the legal issues involved," was not within Rule 40(D)'s definition of "related" in the

4

first place, thereby requiring reassignment. Judge Hornak did note that Magistrate Judge Mitchell's Report and Recommendation which recommended that the matter be viewed as related, inadvertently conflated the first step of the process (*i.e.,* determining if the matter before the court meets the definition of "related"), with second step of the process (*i.e.,* what a Judge is to do when a case has incorrectly been marked "related," or a when a related case is not so marked).

This Court begins its own analysis of the "relatedness" matter by first considering the purpose of Rule 40. Local Rule 40 was promulgated in compliance with Federal Rule of Civil Procedure 40 which indicates that "[e]ach court must provide by rule for scheduling of trials." Federal Rule of Civil Procedure 40 also requires District Courts to prioritize their trials. As a result, the United States Court for the Western District of Pennsylvania enacted LCivR 40 which (in part) allows attorneys to designate cases as "related" to one another <u>to aid the Court in its administration of the scheduling of trials</u>. Simply put, Fed.R.Civ.P. 40 is an administrative Rule to which all District Courts must adhere. Thus, the very purpose behind LCivR 40 is to assist the Western District Court in the administration of the scheduling of trials.

Importantly, what LCivR 40 does <u>not</u> do, is allow counsel for the parties to "judge shop." Magistrate Judge Mitchell, who stated in his Report and Recommendation in *Advance Stores:*

> . . . Local Rule 40 is a matter of Court administration. It does not entitle a party to have a case heard before a particular judge, nor does it give a party a right to have a judge reject an assignment. The purpose of the rule is not to encourage "judge shopping," but to facilitate the just and efficient management of cases.

See, 2:16-cv-01872-MPK, ECF 11, p. 4. Judge Hornak also commented that Rule 40 precludes "judge shopping" when he stated in *Cerini:*

> . . . [T]he parties don't get to pick their Judge. To the extent the Plaintiffs did that by checking the "related" box on the Civil Cover Sheet, absent

5

> some showing at this point (five (5) months into the case) that their doing
> so was obviously contrary to the Local Rule or that their doing so created
> a real and material prejudice to the substantial rights of the Defendants,
> the time to do something about that has passed. To grant Defendants'
> Motion now, no matter their actual motivation for making it, would in the
> Court's judgment create an impermissible appearance of authorizing
> "Judge shopping".

2014 WL 7015992 at *3. Accordingly, at least two of this Court's well-respected colleagues in the Western District agree that LCivR 40 prohibits "judge shopping." This Court concurs.

In addition, it is indisputable that LCivR 40 places the burden on the attorneys for the parties to carefully consider the cases in which their clients find themselves embroiled; and then, based on their learned experience as officers of this Court, indicate on a form whether the matter is genuinely related or unrelated to a previously filed lawsuit. At its core, LCivR 40 requires attorneys to use good faith to assert when a matter is related, or unrelated, to another. It is only when an opposing attorney questions the "related" designation (or lack of designation), or when the Court itself finds the designation (or lack of designation) to be erroneous, that the Court must "consider the balance" that Local Rule 40 provides.

Although Magistrate Judge Mitchell and District Judge Hornak reached opposite conclusions as to whether *Advance Stores* and *Cracker Barrel* were related cases, under either Judge's method of analysis, the result in the instant case is that this matter is related to *Foot Locker*. Here, there is parity of not only legal issues, but also factual issues. Thus, this matter meets the definition of "related" under LCivR 40 and by deeming this case "related," the just and efficient conduct of this action is promoted.

Further, this Court has often relied upon Rule 1 of Federal Rules of Civil Procedure in situations where judicial economy comes into play. Because Fed.R.Civ.P 40 is an administrative

6

Rule which requires every District Court in the United States to prioritize cases that they will try, Rule 1 becomes especially instructive. Rule 1 of the Federal Rules of Civil Procedure states:

> These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.

F.R.Civ.P. 1.

Rule 1 was amended in 2015, and the Comment regarding this 2015 amendment to F.R.Civ.P. 1 indicates:

> Rule 1 is amended to emphasize that just as the court should construe and administer these rules to secure the just, speedy, and inexpensive determination of every action, so the parties share the responsibility to employ the rules in the same way. Most lawyers and parties cooperate to achieve these ends. But discussions of ways to improve the administration of civil justice regularly include pleas to discourage over-use, misuse, and abuse of procedural tools that increase cost and result in delay. Effective advocacy is consistent with – and indeed depends upon – cooperative and proportional use of procedure.

Next, perhaps unbeknownst to Vail Resort's counsel, this Court has considered – in accordance with LCivR 40 – whether this case (or any of the other nearly 80 cases filed prior to instant matter but after *Foot Locker*) are actually "related" to the *Foot Locker* case.

Prior to filing the lead case in the instant matter (*Access Now, Inc. v. Allen Edmonds Corp.,* case no. 17cv959), Plaintiffs' counsel filed *Foot Locker* at case no. 15cv1000. The *Foot Locker* case was randomly assigned to this Court in 2015, and this Court then consolidated fourteen other cases with the *Foot Locker* case.

Like the instant matter, Plaintiffs in *Foot Locker* and its fourteen consolidated cases sought relief under the Americans with Disabilities Act ("ADA"), asserting that the corporate Defendants' websites therein were not accessible to blind and visually impaired consumers. This

underlying issue in the *Foot Locker* cases (*i.e.,* the inaccessibility of certain websites to blind and visually impaired individuals) is the same as the issue presented in the instant lead matter (17cv959 or "*Access Now v. Allen Edmonds*") and all of the matters consolidated under *Allen Edmonds* at 17cv959.

In addition, there are no discernable factual differences among any of these cases. Plaintiffs' software is unable to "read" the Defendants' websites. Plaintiffs inability to read Defendants' websites is allegedly due Defendants' websites incompatibility with Plaintiffs' screen reader programs. The inability to read the website data places Plaintiffs at a disadvantage to obtain information, goods, and services, which in turn, allegedly violates the ADA. Defendant here control their websites Unlike parking lots in the *Advance Stores*,

All fifteen *Foot Locker* cases were resolved in about nine months from the date of the first filed case to the date of the closing of the last case. In each of those cases, Plaintiffs' counsel and Defendants' counsels therein worked professionally together, understanding that it was in the Defendant companies' interest to provide greater access to their information, products, and/or services to the blind and visually impaired. In addition, Plaintiffs' counsel did not over-litigate these cases in order to have the potential of greater fees, but instead, agreed to mediate these cases early. With the cooperation of the Parties and their counsel, a well-respected mediator of substantial experience, Arthur J. Stroyd, Esquire, was appointed to mediate all fifteen *Foot Locker* cases. Thereafter, all fifteen cases settled – in a just, speedy, and inexpensive manner.

Since the filing of the *Foot Locker* case, as noted by Defendant here, numerous other lawsuits were filed by counsel for Plaintiffs against numerous other Defendants who refused to

update their websites so that blind and/or visually impaired individuals can have equal access to information, goods, and /or services provided through Defendants' corporate websites.

This Court intends to manage the *Allen Edmonds* consolidated cases – which includes the instant matter – in precisely the same manner it managed the *Foot Locker* cases. In so doing, the Court is hopeful that the *Allen Edmonds* cases will achieve similar results as the *Foot Locker* cases – meaning the just, speedy, and cost-efficient outcomes – all of which comply with F.R.Civ.P. 1.

**III. Conclusion**

For all of the reasons set forth above, this Court will deny the Defendant's Motion for Reassignment. An appropriate Order is attached below.

**ORDER OF COURT**

AND NOW this 13th day of September, 2017, Defendant Vail Resort Inc.'s Motion for Reassignment is **DENIED**. Defendant is **ORDERED** to file an Answer to the Complaint on or before September 20, 2017, and Vail Resort's Chief Trial Counsel is instructed to review the Court's Case Management Order dated August 8, 2017 ([ECF 4](#)) so as to be fully prepared to participate in person at the Case Management Conference on November 1, 2017 at 9:00 a.m.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:   ECF registered counsel of record