| | |
|---|---|
| ACCESS NOW, INC., on behalf of its members; R. DAVID NEW; and LISA FRAZIER,<br><br>       Plaintiffs,<br>   v.<br><br>ALLEN EDMONDS CORPORATION,<br><br>       Defendant. | Civil Action No. 2:17-cv-00959<br><br>**LEAD CASE**<br><br>Electronically Filed |
| RACHEL GNIEWKOWSKI,<br><br>       Plaintiff,<br>   v.<br><br>ALFRED DUNNER, INC.,<br><br>       Defendant. | Civil Action No. 2:17-cv-00960<br><br>**MEMBER CASE**<br><br>Electronically Filed |

**AMENDED ANSWER AND COUNTERCLAIM TO COMPLAINT**
**FOR PERMANENT INJUNCTION REQUIRING CHANGES TO**
**CORPORATE POLICY AND THE ELIMINATION OF**
**DIGITAL ACCESS BARRIERS PURSUANT TO 42 U.S.C. § 12188(a)(2)**

Defendant, Alfred Dunner, Inc., by and through its undersigned counsel, files the

following Amended Answer and Counterclaim to Plaintiff's Complaint for Permanent Injunction

Requiring Changes to Corporate Policy and the Elimination of Digital Access Barriers Pursuant

to 42 U.S.C. § 12188(a)(2), stating as follows:

**INTRODUCTION**

1.     The averments in Paragraph 1 of the Complaint refer to a written document, the

content of which speaks for itself. Defendant denies any and all remaining averments in

Paragraph 1 of the Complaint.

2.     Defendant admits the averments in Paragraph 2 of the Complaint, except denies

that it owns or operates physical outlet stores.

3.      Defendant admits the averments in Paragraph 3 of the Complaint.

4.      Defendant denies the averments in Paragraph 4 of the Complaint as they relate to persons who are not parties to this lawsuit.

5.      Defendant admits that screen reader programs make the conversation alleged in Paragraph 5 of the Complaint, and deny knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth therein.

6.      Defendant admits that Plaintiff has filed a claim under Title III of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 et seq. (the "ADA") regarding the Website.

7.      Given the general and vague averments pertaining to individuals who are not a party to this action, Defendant denies knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 7 of the Complaint.

8.      Defendant admits that Plaintiff purports to proceed as alleged in Paragraph 8 of the Complaint and agrees to the entry of an order from the Court providing for the injunction specified pled therein.

9.      Given the general and vague averments pertaining to Web-based technologies, Defendant denies knowledge or information sufficient to form a belief regarding the averments set forth in the Paragraph 9 of the Complaint.

## JURISDICTION AND VENUE

10.      Defendant admits the averments in Paragraph 10 of the Complaint.

11.      Defendant denies the averments in Paragraph 11 of the Complaint.

12.      Defendant admits the averments in Paragraph 12 of the Complaint.

**PARTIES**

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 13 of the Complaint.

14. Defendant admits the averments in Paragraph 14 of the Complaint, except denies the last sentence of Paragraph.

**FACTS APPLICABLE TO ALL CLAIMS**

15. Given the general and vague averments pertaining to individuals who are not a party to this action, Defendant denies knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 15 of the Complaint.

16. Given the general and vague averments pertaining to individuals who are not a party to this action, Defendant denies knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 16 of the Complaint.

**I.  Alfred Dunner' Online Content**

17. Defendant admits the averments in Paragraph 17 of the Complaint.

18. Defendant admits the averments in Paragraph 18 of the Complaint.

19. Defendant admits the averments in Paragraph 19 of the Complaint.  By way of further answer, Defendant does not have control over the platforms or web design used by Facebook or Pinterest.

20. Defendant admits only that the Website includes information about its Privacy and Shipping and Returns Policies.

## II.  Harm to Plaintiff

21.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the averments concerning any harm Plaintiff sustained as alleged in paragraph 21 of the Complaint.

22.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the averments concerning what Plaintiff was or was not able to browse and purchase on the website as alleged in Paragraph 22 of the Complaint.

23.  Defendant denies knowledge of information as to any specific barriers of which Plaintiff is aware as alleged in Paragraph 23 of the Complaint.

24.  Given the general and vague averments pertaining to barriers Plaintiff encountered on the website or her intent to use the website in the future, Defendant denies knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 24 of the Complaint.

25.  Given the general and vague averments pertaining to the removal of access barriers on the website, Defendant denies knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 25 of the Complaint.

26.  Defendant denies the averments in Paragraph 26 of the Complaint.

27.  Given the general and vague averments pertaining to removal of access barrier to the website, Defendant denies knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 27 of the Complaint.

28.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 28 of the Complaint, and further avers that these averments

are irrelevant because Defendant consents to the specific terms of the injunction pled in the Complaint as set forth in Paragraph 8 herein.

29. Defendant denies knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 29 of the Complaint, and further avers that these averments are irrelevant because Defendant consents to the specific terms of the injunction pled in the Complaint as set forth in Paragraph 8 herein.

**III.    Alfred Dunner' Knowledge of Website Accessibility Requirements**

30. Defendant denies the averments in Paragraph 30 of the Complaint, and avers that these averments are irrelevant for Plaintiff to prove her claim.

31. The averments in Paragraph 31 of the Complaint refer to written documents, the contents, which are neither statutory law nor administrative regulations, speak for themselves.

**IV.    The Parties have No Administrative Remedies to Pursue.**

32. The averments set forth in Paragraph 32 of the Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

33. The averments set forth in Paragraph 33 of the Complaint constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure.

34. Defendant admits that Plaintiff purports to proceed as alleged in Paragraph 34 of the Complaint.

35. Defendant denies knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 35 of the Complaint.

**SUBSTANTIVE VIOLATION**
**(Title III of the ADA, 42 U.S.C. § 12181 *et seq*.)**

36. Defendant incorporates its responses in Paragraph 1 to 35 of the Answer as though fully set forth at length herein.

37.     The averments set forth in Paragraph 37 constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure.

38.     The averments set forth in Paragraph 38 constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure

39.     The averments in Paragraph 39 of the Complaint constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure.

40.     The averments in Paragraph 40 of the Complaint constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure.

41.     The averments in Paragraph 41 of the Complaint constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure.

42.     The averments in Paragraph 42 of the Complaint constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure.

43.     The averments in Paragraph 43 of the Complaint constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure.

44.     The averments in Paragraph 44 of the Complaint constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure.

45.     The averments in Paragraph 45 of the Complaint constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure.

46.     Given the general and vague averments pertaining to compatibility of screen reader programs with the website's online offerings, Defendant denies knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 46 of the Complaint.

47.     Given the general and vague averments pertaining to purported harm Plaintiff experienced, Defendant denies knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 47 of the Complaint.

48.     The averments in Paragraph 48 of the Complaint constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure.

49.     Defendant admits that Plaintiff purports to proceeds as alleged in Paragraph 49 of the Complaint.

## PLAINTIFF'S PRAYER FOR RELIEF

The remainder of the Complaint constitutes a request for relief to which no response is required.

Unless expressly admitted above, Defendant denies each averment set forth in the Complaint.

WHEREFORE, Defendant Alfred Dunner, Inc. respectfully requests that the Court enter an Order requiring it to bring the Website into substantial conformance with the WCAG 2.0 Level AA guidelines, except as to those pages of the Website that are not controlled or operated by Defendant, within a reasonable period of time as determined by the Court, and providing for the injunctive terms specifically pled by Plaintiff as set forth in Paragraph 8 of the Complaint.

*     *     *

**DEFENSES**

Defendant states the following defenses, without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff. Defendant also reserves the right to assert such additional defenses that may become applicable during the course of this litigation.

**FIRST DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction. The Department of Justice ("DOJ") issued an Advance Notice of Proposed Rulemaking on Accessibility of Web Information and Services Provided by Entities Covered by the ADA on July 26, 2010 ("ANPR"). See 75 Fed. Reg. 43,460, at 43,460 (proposed July 26, 2010) (to be codified at 28 C.F.R. pts. 35 and 36). On January 8, 2012, the DOJ announced that the agency was dividing the rulemakings to proceed with separate notices of proposed rulemakings for Title II and Title III. See Unified Agenda, 78 Fed. Reg. 1317, at 1415 (Jan. 8, 2013).

**SECOND DEFENSE**

Plaintiff lacks standing to pursue her alleged claims. Here, Plaintiff lacks standing to pursue her alleged claims because, among other reasons, she is not a bona fide patron, she never attempted to access the Website, and/or she does not intend to access the Website in the future. Indeed, Plaintiff does not even alleged that she attempted to access the Website on a particular date or explain what problems she allegedly encountered.

**THIRD DEFENSE**

For the purposes of preserving a defense, Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, unclean hands, and/or estoppel.

## DEFENDANT'S COUNTERCLAIM

Defendant, Alfred Dunner, Inc., by and through its undersigned attorneys, state a counterclaim against Plaintiff, stating as follows:

### THE PARTIES

1.     Based on information and belief, Plaintiff Gniewkowski is a resident of Pennsylvania.

2.     At all relevant times, Defendant was authorized to do business, and was doing business, in the Commonwealth of Pennsylvania.

### JURISDICTION AND VENUE

3.     Jurisdiction is proper because this cause of action arises under federal law, namely the Declaratory Judgment Act, 28 U.S.C. § 2201.

4.     Personal jurisdiction over Plaintiff is proper because Plaintiff has consented to such jurisdiction by initiating the underlying action.

5.     Venue is proper in this district under 28 U.S.C. § 1391(b) because the acts giving rise to this claim occurred in connection with an action filed by Plaintiff in this district court.

6.     An actual case or controversy has arisen between the parties over the attorneys' fees Plaintiff is entitled to pursuant to Title III of the ADA.

### FACTUAL BACKGROUND

7.     Plaintiff served a Complaint upon Defendant in this district court in the matter of RACHEL GNIEWKOWSKI v. ALFRED DUNNER, INC., bearing Civil Action No. 2:17-cv-00960 alleging that Defendant's website was not accessible to Plaintiff in violation of Title III of the ADA.

8.     Defendant has been a manufacturer of women's apparel since 1947.  It does not

sell to retail consumers with the exception of the Website, which has been operational only since August 2016.

9.      Defendant's sales over the Website are estimated at this time to constitute a fraction of one percent of Defendant's total sales.

10.     In its claim for relief, Plaintiff sought, among other things, a permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its Website into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that its Website is fully accessible to, and independently usable by, blind individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law by requiring Defendant to improve the accessibility of the Website utilizing the WCAG 2.0 Level AA Guidelines

11.     In response to Plaintiff's Complaint, Defendant admitted that the Website is not fully complaint with WCAG 2.0 Level AA guidelines and agreed to entry of an order from the Court requiring the Website to come into, and remain in, substantial conformance with the WCAG 2.0 Level AA Guidelines, which essentially provides Plaintiff with all full relief she is entitled to under Title III and is the reason Plaintiff filed her lawsuit in the first place.

12.     In addition to Plaintiff's claim for a permanent injunction, Plaintiff seeks payment of "reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505."

## COUNT I – DECLARATORY JUDGMENT

13.     Defendant incorporates by reference the averments set forth in Paragraphs 1 through 12 above as fully set forth herein.

14.     An actual, present, and justiciable controversy has arisen and exists between the parties concerning Plaintiff's entitlement to attorneys' fees under Title III of the ADA and the amount of any such attorneys' fees.

15.     The relief sought by the proposed declaratory judgment action is amenable to specific relief through a decree of conclusive character, which will terminate the controversy giving rise to this proceeding.

16.     A reasonable hourly attorney rate to prevailing parties in Title III claims in the Western District of Pennsylvania is $350 per hour for partners and $250 per hour for associates.

17.     The computation of attorney's fees and costs by Plaintiff's attorneys bears no rational relationship to the reasonable time it could have taken them to represent Plaintiff in this matter and secure the relief sought, since at that early stage in the litigation there is no dispute that the Website is not accessible to Plaintiff and Defendant's agreement for an entry of an order requiring Defendant to make its website accessible to Plaintiff.

18.     The amount of work Plaintiff's counsel has done to date in in investigating Plaintiff's claim, preparing the Complaint, meeting and conferring with Defendant's attorneys regarding case management and settlement matters could not have reasonably exceeded ten hours.

19.     The Complaint filed by Plaintiff's attorney in this matter could not reasonably have taken no more than two hours to draft because it is substantially similar to the more than sixty complaints filed in this court alleging the same cause of action under the ADA.

20.     Further, Plaintiff's attorney had only a handful of teleconferences with Defendant's attorneys regarding case management and settlement matters, each of which lasted no longer than fifteen minutes.

21.     Upon information and belief, Plaintiff's attorneys believe that they are entitled to a substantial amount of attorney's fees due to future accessibility monitoring of the Website. The ADA does not provide for such relief to plaintiffs.

22.     While Defendant does not believe Plaintiff is entitled to an award representing an amount for future legal fees, upon information and belief, future monitoring, if any, of the Website to verify its accessibility can be conducted for a low cost. National, well-established, reputable, civil rights advocacy groups, such as the National Federation for the Blind (NFB), perform auditing services at the rate of approximately $300 per hour, and the NFB estimates that it would cost approximately $5,000 to verify accessibility of a site such as that of Defendant

23.     Defendant maintains that Plaintiff's counsel's calculation of their attorneys' fees does not accurately reflect the time and effort Plaintiff's counsel has put into the litigation of this case. As a result, Plaintiff's counsel's computation of attorneys' fees inherently unreasonable.

24.     Upon information and belief, giving Plaintiff's counsel every benefit of the doubt as to the amount of work they reasonably performed to date in this matter and could reasonably perform in the foreseeable future to verify the Website's accessibility to Plaintiff, using the reasonable hourly rates awarded to prevailing parties in Title III cases cited above, Plaintiff's reasonable attorneys' fees and costs in this matter cannot be any more than $8,000.

25.     Accordingly, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, Defendant requests that this Court make a binding declaration that Plaintiff's entitlement to attorneys' fees and the appropriate calculation of any such fees is $8,000.

## **PRAYER FOR RELIEF**

WHEREFORE, Alfred Dunner, Inc. prays for judgment in its favor and against Plaintiff Gniewkowski, as set forth below:

1.      For a judicial declaration regarding Plaintiff's entitlement to attorneys' fees under Title III of the Americans with Disabilities Act;

2.      That an evidentiary hearing be scheduled to determine the appropriate calculation of those attorneys' fees;

3.      That judgment be entered as to the appropriate amount of Plaintiff's attorneys' fees;  and

4.      For such other relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

**JACKSON LEWIS P.C.**

Dated:  December 11, 2017        By:    */s/ Mariah H. McGrogan*
Marla N. Presley
PA ID No. 91020
marla.presley@jacksonlewis.com
Mariah H. McGrogan
PA ID No. 318488
mariah.mcgrogan@jacksonlewis.com
1001 Liberty Avenue, Suite 1000
Pittsburgh, PA 15222
(412) 232-0404 | Telephone
(412) 232-3441 | Fax

Martin B. Schwimmer
schwimmer@leasonellis.com
Peter T. Busch
busch@leasonellis.com
Leason Ellis LLP
One Barker Avenue, Fifth Floor
White Plains, NY  10601
914-288-0022 | Telephone
914-288-0023 | Fax

*Attorneys for Defendant, Alfred Dunner, Inc.*