IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ACCESS NOW, INC., <br><br> Plaintiffs, <br> vs. <br><br> ALLEN EDMONDS CORPORATION, <br><br> Defendant. | No. 2:17-cv-00959-AJS <br><br> LEAD CASE |
| RACHEL GNIEWKOWSKI, <br><br> Plaintiffs, <br> vs. <br><br> POWDR CORP., <br><br> Defendant. | No. 2:17-cv-00989-AJS <br><br> MEMBER CASE |

## CONSENT DECREE

1. This Consent Decree is entered into as of the Effective Date, as defined below in Paragraph 7, by and between the following parties: Plaintiff Rachel Gniewkowski ("**Plaintiff**"), and Defendant, POWDR Corp ("**Defendant**").

## RECITALS

2. Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181- 12189 ("ADA") and its implementing regulation, 28 C.F.R. pt. 36, prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation by any private entity that owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28C.F.R. § 36.201(a).

4812-2194-8505

3. On July 28, 2017, the Plaintiff filed this lawsuit against Defendant, alleging that Defendant's websites, www.powdr.com, www.campwoodward.com, www.coppercolorado.com, www.eldora.com, www.gorgoza.com, www.killington.com, www.leecanyonlv.com, www.mtbachelor.com, www.picomountain.com, www.rideboreal.com, and www.skisodasprings.com (collectively, the "**Websites**"), contain barriers that prevent full and equal use by persons with a visual impairment, in violation of Title III of the ADA, 42 U.S.C. §§12181–12189. Defendant denies these allegations.

4. By entry into this Consent Decree, Defendant does not admit or concede that Defendant's Websites are public accommodations under the ADA or that Defendant's Websites violate the ADA. This Consent Decree resolves, settles, and compromises all issues between the Parties relating to the allegations set forth in the Complaint.

## JURISDICTION

5. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 12188.

## AGREED RESOLUTION

6. The Parties agree that it is in their best interest to resolve this lawsuit on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in the Complaint.

In resolution of this action, the parties hereby **AGREE** and the Court expressly **APPROVES, ENTERS, AND ORDERS** the following:

## DEFINITIONS

7. Effective Date means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

8. Person(s) with a visual impairment means any person who has a physical, mental, or sensory impairment that substantially limits him or her in the major life activity of seeing.

## TERM

9. The term of this Consent Decree shall commence as of the Effective Date and remain in effect for twenty-four (24) months from the Effective Date.

## COMPLIANCE WITH TITLE III OF THE ADA

10. Defendant shall not deny persons with a visual impairment the opportunity to participate in and benefit from the goods, services, facilities, privileges, advantages, and accommodations through its Websites as set forth herein. By January 1, 2020, Defendant shall make reasonable efforts to ensure that the Websites conform to, at a minimum, the Web Content Accessibility Guidelines 2.0 Level AA Success Criteria ("WCAG 2.0 AA").

## MODIFICATION

11. No modification of this Consent Decree shall be effective unless in writing and signed by authorized representatives of all Parties.

## ENFORCEMENT AND OTHER PROVISIONS

12. The interpretation and enforcement of this Consent Decree shall be governed by the laws of the Commonwealth of Pennsylvania.

13. Plaintiff and Defendant have agreed to settle all matters relating to costs, damages, attorneys' fees, experts' fees, and other financial matters through a separate, confidential agreement (the "**Settlement Agreement**") hereby incorporated by reference into this

4812-2194-8505

Consent Decree. This Consent Decree and the Settlement Agreement comprise the entire agreement of the Parties concerning the subject matter described in Paragraphs 2 and 3, and no other statement, promise, or agreement, either written or oral, made by any party or agent of any party, that is not contained in this Consent Decree, and concerns the subject matter described in Paragraphs 2 and 3, shall be enforceable.

14. If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect, as nearly as possible and to the fullest extent permitted by applicable law, its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

15. The signatories represent that they have the authority to bind the respective parties to this Consent Decree.

### CONSENT DECREE HAS BEEN READ

16. The Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

4812-2194-8505

Agreed and Consented to:

**Plaintiff:**

_____
Rachel Gniewkowski

**Defendant:**

POWDR Corp.

_____
By:
Its:

**DONE AND ORDERED** this _____ day of _____, 2017

_____
Honorable Arthur J. Schwab
UNITED STATES DISTRICT JUDGE

cc: Counsel of record via CM/ECF

4812-2194-8505

Agreed and Consented to:

**Plaintiff:**

_____
Rachel Gniewkowski

**Defendant:**

POWDR Corp.

_____
By: Justin Sibley
Its: Chief Financial Officer

**DONE AND ORDERED** this 21st day of February, 2018.

_____
Honorable Arthur J. Schwab
UNITED STATES DISTRICT JUDGE

cc: Counsel of record via CM/ECF

4812-2194-8505